UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE L. JOE,

                    Plaintiff,

        -against-

FDNY/CITY OF N.Y.; KEVIN SIMPKIN;
JANE DOE,

                    Defendants.

24-CV-0948 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. He alleges that on November 1, 2013, an ambulance struck him while he was crossing a street in Brooklyn, New York, causing him to suffer serious injuries. Plaintiff currently resides in North Carolina. He names as Defendants (1) the New York City Fire Department ("FDNY") and the City of New York; (2) Kevin Simpkin, the ambulance driver; and (3) Jane Doe, the driver of the vehicle that struck the ambulance. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The Court granted Plaintiff's *in forma pauperis* application on February 8, 2024.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Brooklyn, Kings County, New York where a Jane Doe driver struck an ambulance that hit Plaintiff while he was crossing the street. Plaintiff indicates that he "hire[d] this law firm to represent me . . . [but] my lawyer . . . said that [I] did not have a case after 4 yrs with my case[.]"[2] (ECF 1, at 5.) Plaintiff also indicates that his lawyer informed him "that he was going to court to have my case dismiss[ed] [and] the doctor that saw me after the accident would not testif[y] in court[;] the judge was bias I was represent[ed] in bad faith." (*Id.*)

The allegations in the complaint do not demonstrate that this District is a proper venue for this action under Section 1391(b)(1) or (2). Venue may be proper here under Section 1391(b)(1) because the City of New York is located in the Southern District, but only if the two individual defendants also reside in New York State. Venue is not proper here, however, under Section 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;
(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the
location of relevant documents and the relative ease of access to sources of proof; (6) the relative
means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded
to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the
totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see
also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)
(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the
plaintiff does not reside in the chosen forum and the operative events did not occur there. *See
Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying
events occurred in Brooklyn, where Plaintiff likely litigated his claims in state court.[3] It therefore
is reasonable to expect that all relevant documents and witnesses also would be in the Eastern
District of New York. Moreover, because Plaintiff does not reside in this District and the
operative events did not occur here, his choice of forum is given less weight, *Iragorri*, 274 F.3d
at 72; in fact, it is not clear whether Plaintiff chose the Southern District of New York to file his
complaint because he believed it was the proper venue.

For all these reasons, the Eastern District of New York appears to be a more convenient
forum for this action. Accordingly, the Court transfers this action to the United States District
Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v.
Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making

---

[3] Publicly available records do not show that Plaintiff filed his lawsuit in the Southern or
Eastern Districts. Thus, for the purposes of this order, the Court assumes Plaintiff's lawsuit was
filed in state court.

determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 9, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge