```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
 Willie L. Joe,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-1205(EK)(RML)
          -against-

 Fire Department of New York; City of
 New York; Kevin Simpkin; Jane Doe
 (Driver of the Car that Struck the
 Ambulance),

                    Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Willie Joe brings this action, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[1] Compl. ECF No. 1. His request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. ECF No. 2. For the reasons below, the Complaint is dismissed as untimely, but plaintiff is granted until July 10, 2024 to file an amended complaint.[2]

## I. Background

Plaintiff Joe is a citizen of Clayton, North Carolina. Compl. 2-3. Proceeding *pro se,* he alleges that on November 1, 2013, an ambulance hit him while he was crossing a street in

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York on February 22, 2024. ECF No. 4.

[2] The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

Brooklyn, New York, resulting in unspecified (but "serious") injuries. Compl. at 5-6. Joe sues the Fire Department of New York, the City of New York, Kevin Simpkin (the driver of the ambulance), and a Jane Doe (the driver of the car that struck the ambulance).

Plaintiff engaged counsel to represent him in a lawsuit and believed that a case was pending. This belief arose from the fact that, years after he engaged counsel, one of the "defendant[s] show[ed] [his attorney] the video of the accident, [and the defendant] said that he was going to court to have my case dismiss[ed]." *Id*. Plaintiff's counsel subsequently told him "that [he] did not have a case." *Id.* at 5. The doctor who treated plaintiff after his accident would not testify in court. *Id*. Plaintiff alleges that he was "represent[ed] in bad faith." *Id*. Mr. Joe's Complaint sounds in negligence, though he does not expressly assert any cause of action by name; he seeks $1 million in damages for his injuries from the accident. *Id*. at 6.

## II. Standard of Review

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a pro se complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

It is apparent from the face of the complaint that plaintiff's claims are time-barred. Thus, he fails to state a

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

claim upon which relief may be granted.  *Akassy v. Hardy,* 887 F.3d 91, 95 (2d Cir. 2018).

In diversity cases, "federal court[s] sitting in New York must apply the New York choice-of-law rules and statutes of limitations."  *Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019).[4]  New York negligence claims are subject to a three-year statute of limitations.  New York Civil Practice Law and Rules ("CPLR") § 214(4); *see also Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 391 (E.D.N.Y. 2018).  Subject to certain exceptions that are not implicated here, a negligence claim "accrues upon the date of injury . . . even if the plaintiff is unaware that he or she has a cause of action at the time of injury."  *Kampuries v. Am. Honda Motor Co.*, 204 F. Supp. 3d 484, 490–91 (E.D.N.Y. 2016).

Based on plaintiff's allegations, the negligence claim accrued on November 1, 2013 — the date of the accident.  Plaintiff thus had until October 31, 2016 to file this action.  The complaint does not suggest any basis for equitable tolling.  Indeed, it is settled that the failure to find an attorney to

---

[4] Plaintiff has adequately alleged that all defendants are New York citizens.  Plaintiff is a North Carolina citizen.  He alleges $1 million in damages.  Although plaintiff does not specify what his injuries are, he states that they are "serious."  Compl. at 5-6.  To plead the amount in controversy, plaintiff need only demonstrate a "reasonable probability" that the amount-in-controversy requirement is satisfied, *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).  Since plaintiff proceeds *pro se,* the Court assesses that, for now, plaintiff has sufficiently pled that he meets the amount in controversy threshold necessary for jurisdiction in federal court.

who will file a case is not a basis for tolling. *Qui Yun Li v. Holder*, 352 Fed. Appx 574, 575-76 (2d Cir. 2009). Thus, Mr. Joe's claims are time-barred and must be dismissed. *See Kimberly W. v. Saul*, No. 21-cv-00042, 2021 WL 880110, at *3 (D. Conn. Mar. 9, 2021) ("While statute of limitations defenses are ordinarily raised by the defendant. . . courts can and do dismiss cases on their own initiative under Section 1915(e)(2) when an IFP plaintiff's complaint reveals that [his] claim is clearly untimely."); *Kantor-Hopkins v. Cyberzone Health Club*, No. 06-CV-643, 2007 WL 2687665, at *7 (E.D.N.Y. Sep. 10, 2007) (noting that "*pro se* status and ignorance of the law do not merit equitable tolling" of the statute of limitations).

### IV.   Conclusion

Accordingly, the Complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B); *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Plaintiff is granted until September 14, 2024 to file an Amended Complaint to set forth facts sufficient to establish compliance with (or toll) the statute of limitations.

Plaintiff is advised that the Amended Complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. The

rule requires that plaintiff provide a short, plain statement of a claim against each named defendant and facts sufficient to allow each defendant to understand plaintiff's complaints. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005).

Plaintiff is also advised that the Amended Complaint will completely replace the original Complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order: 24-CV-1205 (EK)(RML). No summons shall issue at this time and all further proceedings shall be stayed. If plaintiff fails to amend the Complaint by July 10, 2024, as directed by this Order, or cure the deficiencies discussed herein, judgment of dismissal shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff and to note the mailing on the docket. For free, limited-scope legal assistance, plaintiff may wish to consult the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

<u>/s/ Eric Komitee</u>
ERIC KOMITEE
United States District Judge

Dated:    August 15, 2024
         Brooklyn, New York