```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  WILLIE L. JOE,

                    Plaintiff,           MEMORANDUM & ORDER
                                         24-CV-1205(EK)(SDE)
          -against-

  FIRE DEPARTMENT OF NEW YORK et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Willie Joe filed this action in February 2024, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Compl. ECF No. 1. The Court granted his *pro se* request to proceed *in forma pauperis*, but dismissed the action as time-barred. The Court granted plaintiff leave to file an amended complaint to establish compliance with — or a basis to equitably toll — the statute of limitations.

        Plaintiff has now filed an amended complaint. Am. Compl., ECF No. 8. For the reasons stated below, the amended complaint must be dismissed again on statute-of-limitations grounds, this time with prejudice.

### I. Background

        Plaintiff alleges that on November 1, 2013, an ambulance hit him while he was crossing a street in Brooklyn. Compl. 5-6. He sued the Fire Department of New York, the City

of New York, Kevin Simpkin (the driver of the ambulance), and a Jane Doe (the driver of the car that struck the ambulance).  In its prior order, the Court observed that plaintiff's claim accrued on November 1, 2013 — the date of the accident.  Mem. & Order 4, ECF No. 7.  Applying New York law, the court explained that the statute of limitations was thus set to run out on October 31, 2016, long before plaintiff filed this action.  *Id.*

In support of tolling the statute of limitations, the amended complaint now points to the actions of a lawyer plaintiff had previously retained to seek redress for the same injuries.  Am. Compl. 1.  Four years after that lawyer filed a case in state court, a defendant showed his attorney "the video of the accident," after which the attorney "said that he was going to court to have [plaintiff's] case dismissed."  *Id.*  His counsel told the plaintiff "that [he] did not have a case."  *Id.*  Plaintiff also alleges that the doctor who treated him would not testify in court.  *Id.*  Plaintiff also alleges that since 2019, he has taken "this case to Appellate court [and] supreme court," though he does not explain how.  *Id.* at 2  He also reports that he filed a complaint against his lawyer.  *Id.*

Attached to the amended complaint is the stipulation of discontinuance with prejudice from the state-court lawsuit.  *Id.* at 4.

## II. Standard of Review

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a pro se complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

"Dismissal [under Section 1915] is . . . appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleading." *Pratts v. Coombe*, 59 F. App'x 392, 393 (2d Cir. 2003); *see also Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (dismissal under Section 1915 appropriate where complaint was "facially time-barred" and there were "no applicable tolling provisions").

### III. Discussion

"Under New York law, the doctrine[] of equitable tolling . . . may be invoked . . . when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). "Due diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." *Id.*

Plaintiff has not articulated a valid basis to equitably toll the statute of limitations. "The dismissal with prejudice of a lawsuit does not toll the statute of limitations." *Harmon v. Patrolman's Benev. Ass'n of City of New York*, 199 F. App'x 46, 48 (2d Cir. 2006). In *Harmon*, the Second Circuit affirmed a district court's decision not to apply equitable tolling after a plaintiff sought to bring a lawsuit

4

identical to one that had been dismissed several years prior. *Id.* Additionally, in *Moses v. Westchester Cnty. Dep't of Corr.*, the Second Circuit affirmed a district court's decision not to apply equitable tolling after a plaintiff's lawyer "opted not to pursue the claims." 739 F. App'x 66, 68 (2d Cir. 2018). Similarly, the failure to find an attorney who will file a case is not a basis for tolling. *Qui Yun Li v. Holder*, 352 F. App'x 574, 575-76 (2d Cir. 2009). Under these principles, equitable tolling is inapplicable here.

  Plaintiff also alleges he has pursued this case since 2019. He references "tak[ing] this case to" appellate courts, but does not describe how he did so. Am. Compl. 2. His argument is also not plausible, as the stipulation to discontinue his state-court lawsuit with prejudice is dated November 26, 2018. *Id.* at 4. (That stipulation also makes it highly likely this claim would be barred by *res judicata*.) We thus cannot conclude that plaintiff has proceeded with the requisite due diligence.

  Plaintiff also references the COVID-19 pandemic, during which, "the court was closed for 1+ yrs." *Id.* at 2. But the COVID-19 pandemic struck more than three years *after* the statute of limitations expired in this case. Additionally, plaintiff claims that the New York state courts, which first heard his case were "racis[t] and biased" because they lacked

5

African-American judges. *Id.* at 3. But such a conclusory allegation does not entitle him to equitable tolling.

### IV. Conclusion

Accordingly, the amended complaint is dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant plaintiff leave to further amend his complaint but concluded that further amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124-25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to close this action and mail a copy of this Order to plaintiff, noting the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

ERIC KOMITEE
United States District Judge

Dated:   December 22, 2025
         Brooklyn, New York